UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROTH BROS., INC., | ) |
|     *Plaintiff*, | ) |
| | ) |
| *vs*. | )    1:12-cv-0158-JMS-DKL |
| | ) |
| OHIO FARMERS INSURANCE CO. and WELTY | ) |
| BUILDING COMPANY, LTD., | ) |
|     *Defendants*. | |

## ORDER

Presently before the Court in this construction dispute is the motion to dismiss under 12(b)(1), for lack of subject-matter jurisdiction, filed by Defendants Welty Building Company, Ltd. ("Welty") and Ohio Farmers Insurance Company, Ltd. ("Ohio Farmers"). [Dkt. 13.]

### BACKGROUND

The Plaintiff, Roth Brothers, Inc. ("Roth"), has filed this action under the Miller Act, 40 U.S.C. §§ 3131-34; as well as various state-law causes of action. [*See* dkt. 1.] The parties are not diverse, and the Defendants argue in their motion that federal-question jurisdiction is lacking, under 28 U.S.C. § 1331.

According to the Complaint, "Welty entered into a prime contract (hereinafter 'Prime Contract') whereby it agreed to serve as the General Contractor on a federal project known as the 'Construction of Indianapolis FBI Center' located in the Township of Lawrence, County of Marion, State of Indiana." [Dkt. 1 ¶6.] The Complaint goes on to state, in Count III, that "[i]n furtherance of the Prime Contract, and as required by the Miller Act as fort forth in 40 U.S.C. § 3133, Welty obtained a payment bond (hereinafter 'Bond') from Defendant Ohio Farmers…." [*Id.* ¶2.] Roth claims that Welty did not pay Roth for the work that Roth performed on the project and, as a result, "Roth is entitled to payment from Ohio Farmers pursuant to the Miller Act,

- 1 -

40 U.S.C. § 3133." [*Id.* ¶27.] Counts I and II are asserted against Roth, claiming breach of contract for nonpayment and claiming quantum meruit.

## DISCUSSION

The Defendants argue that the Miller Act does not apply here and, consequently, this action does not "aris[e] under" federal law for the purposes federal-question jurisdiction, 28 U.S.C. § 1331. The Miller Act stipulates that recipients of contracts "for the construction, alteration, or repair of any public building or public work of the Federal Government … must furnish to the Government" a performance bond and surety bond. 40 U.S.C. § 3131. By contrast, here the Defendants say that the Miller Act cannot apply because the Bond attached to the Complaint was issued to "Indy Fedreau Company, LLC," [dkt. 1-1 at 2]—not the "Government" as specified in the Miller Act—and because the Complaint does not allege that the United States either owned the real estate or contracted for the construction. According to Welty's pleadings in state-court proceedings to recover against Indy Fredreau, "[a]t all times relevant … Indy Fredreau owned the real property" and "lease[d it] to the United States of America's General Services Administration …" [Dkt. 17-2 ¶¶2-3.]

28 U.S.C. § 1331 will confer jurisdiction when "the complaint standing alone establishes … that federal law creates the cause of action…. The existence of federal question jurisdiction therefore must, under the long-standing precedent of the Supreme Court of the United States, be determined from the face of the complaint." *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997) (quotation and citations omitted). So long as the attempt to invoke federal law is not frivolous, jurisdiction will exist even though "the averments, upon close examination, might be determined not to state a cause of action. It is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id.* at 1317 (quotation and citation omitted).

Here the Court finds that 28 U.S.C. § 1331 confers subject-matter jurisdiction. While the Complaint does not allege that the United States owned the real estate or entered into the contract, that omission is not always fatal to a claim under the Miller Act, nor is a failure for the United States to be explicitly named as the contracting party. *See United States v. Irwin*, 316 U.S. 23 (1942) (holding that the Miller Act applied to the construction of a library at Howard University paid for with federal funds); *United Bonding Ins. Co. v. Catalytic Constr. Co.*, 533 F.2d 469, 473 (9th Cir. 1976) ("The Miller Act is applicable to any project for a 'public building or public work,' whether or not the government is a party to the construction contract. (citations omitted)). Without making any finding that the Complaint states a proper cause of action, the Court finds that the fact that the building at issue was to be used for the FBI is sufficient to invest the Court with jurisdiction to decide whether the Miller Act authorizes Roth's claim as one involving a "public building or public work of the Federal Government," 40 U.S.C. § 3131.[1]

Because Roth does not assert its claim under the Miller Act against Welty, 28 U.S.C. § 1331 cannot confer jurisdiction as to Welty. But the Court has supplemental jurisdiction over that claim because recovery against the bond from Ohio Farmers depends upon a showing that Welty had not paid Roth, either under a breach-of-contract or quantum-meruit theory. 28 U.S.C. § 1367(a) (authorizing supplemental jurisdiction over "claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" even if those other claims involve the joinder or intervention of additional parties").

---

[1] The parties' references to matters outside the Complaint, while appropriate in the context of Rule 12(b)(1), are not subject to consideration under Rule 12(b)(6).

## CONCLUSION

The Defendants' motion to dismiss for lack of subject matter jurisdiction, [dkt. 13], is **DENIED**.

06/11/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

James K. Haney
WONG FLEMING PC
jhaney@wongfleming.com

Vilda Samuel Laurin III
BOSE MCKINNEY & EVANS, LLP
slaurin@boselaw.com

Kevin Michael Quinn
BOSE MCKINNEY & EVANS, LLP
kquinn@boselaw.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com

Florelee Wan
WONG FLEMING PC
fwan@wongfleming.com